Case 12-00304-8-DMW    Doc 87    Filed 02/18/14    Entered 02/18/14 14:32:34    Page 1 of 3

**SO ORDERED.**

**SIGNED this 18 day of February, 2014.**



_____
A. Thomas Small
United States Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| | |
|---|---|
| IN RE: | |
| MARIA D. SALINAS,<br>      DEBTOR | CASE NO. 12-02303-8-ATS<br>CHAPTER 7 |
| MARIA D. SALINAS and NELSON S. CELIN,<br>      Plaintiffs,<br>      v.<br>US BANK NATIONAL ASS'N, as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE3, Asset-Backed Pass-Through Certificates, Series 2006-WFHE3; CITIGROUP MORTGAGE LOAN TRUST INC.; WELLS FARGO BANK, N.A.; CITIBANK, N.A.; and MAB LAW OFFICES, PC,<br>      Defendants. | Adversary Proceeding No.<br>12-00304-8-ATS |

_____

## ORDER REGARDING MOTION TO DISMISS BY MAB LAW OFFICES, PC

The matter before the court in this adversary proceeding brought by Maria D. Salinas and

Nelson S. Celin against US Bank National Association, as Trustee for Citigroup Mortgage Loan

Trust 2006-WFHE3 Asset-Backed Pass-Through Certificates, Series 2006-WFHE3; Citigroup

Mortgage Loan Trust, Inc.; Wells Fargo Bank, N.A.; Citibank, N.A.; and MAB Law Offices, PC (MAB Law) is the motion filed by defendant MAB Law to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure for failure to state a claim.  A hearing was held in Raleigh, North Carolina on January 31, 2014.

One of the plaintiffs, Ms. Maria Salinas, is a chapter 7 debtor, whose chapter 7 trustee has abandoned any interest in this proceeding.  The other plaintiff, Mr. Nelson Celin, was the co-owner with the debtor of real property located at 2357 Lazy River Drive in Raleigh, North Carolina.  Celin is not a debtor in the bankruptcy case.  In October, 2009, a foreclosure was commenced against the property, and the property was eventually lost to foreclosure.  The amended complaint (hereinafter "complaint") seeks to recover from MAB Law for the loss of the property based on, among other things, negligence per se.  MAB Law contends that the plaintiffs have not alleged that a "safety statute" is implicated and that the cause of action for negligence per se should be dismissed.  The court agrees.

The complaint is, however, although less than artfully drawn, sufficient to support several other causes of action such as ordinary negligence, breach of contract and malpractice. At the hearing, plaintiffs' counsel sought to establish that through the complaint, plaintiffs have "inferred and implicated" other causes of action.  Taking the factual allegations as true and in the light favorable to the plaintiffs, it appears that Salinas engaged MAB Law, a New York law firm, to help save the real property she owned with Celin from foreclosure, and she did not receive the service to which she was contractually entitled. The retainer agreement between Salinas and MAB Law provides that Salinas is to pay a minimum fee of $2,000 and an hourly rate of $500. Ex. D to Complaint.   The complaint provides that "Salinas reasonably believed that MAB was

going to negotiate for loss mitigation and stop the foreclosure process or retain co-counsel in North Carolina if needed." Complaint ¶ 36. It is reasonable to assume that Salinas thought she was retaining MAB Law to do what was necessary to save her home.

The complaint and attachments to it establish factual bases tending to show that MAB did not perform as agreed. For example, attached to the complaint is a letter on MAB Law letterhead that is addressed "To whom it may concern." Ex. E to Complaint. The letter recited that Ms. Salinas was working on a loan modification and "[b]asically my client lost a home that should not have been sold in the first place. We are writing this letter because this is not the way the government or the banks should be assisting home owners. If there is anything that can be done please help my client." Id. The plaintiffs were looking to *MAB Law* for help, and it appears that they did not receive it. Certainly, this is not the type of legal representation that the plaintiffs expected to receive from a law firm that charges $500 per hour.

MAB Law maintains that even if the complaint does establish a viable cause of action, its agreement was with Salinas, it owes no obligation to Celin, and the complaint as to Celin should be dismissed. It is true that MAB Law's agreement was with Salinas, but the purpose of the agreement was to protect the real property and to ensure its continued ownership by Salinas and Celin. Therefore Celin, as co-owner of the property, was a beneficiary of the firm's services and is, to that extent, entitled to bring the same causes of action as Salinas.

Accordingly, MAB Law's motion is **ALLOWED** with respect to the negligence per se cause of action, but otherwise the motion is **DENIED.**

**SO ORDERED.**