


**SO ORDERED.**

**SIGNED this 20 day of February, 2014.**

**A. Thomas Small**
**United States Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

**IN RE:**

**MARIA D. SALINAS,**
**DEBTOR**

**CASE NO. 12-02303-8-ATS**
**CHAPTER 7**

**MARIA D. SALINAS and NELSON S. CELIN,**
**Plaintiffs,**
**v.**
**US BANK NATIONAL ASS'N, as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE3, Asset-Backed Pass-Through Certificates, Series 2006-WFHE3; CITIGROUP MORTGAGE LOAN TRUST INC.; WELLS FARGO BANK, N.A.; CITIBANK, N.A.; and MAB LAW OFFICES, PC,**
**Defendants.**

**Adversary Proceeding No. 12-00304-8-ATS**

---

**<u>ORDER REGARDING MOTION TO DISMISS BY BANKING DEFENDANTS</u>**

The matter before the court in this adversary proceeding brought by Maria D. Salinas and Nelson S. Celin against US Bank National Association, as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE3 Asset-Backed Pass-Through Certificates, Series 2006-WFHE3; Citigroup

Mortgage Loan Trust, Inc.; Wells Fargo Bank, N.A.; Citibank, N.A. (collectively, "the bank defendants"); and MAB Law Offices, PC (MAB Law) is the joint motion filed by the bank defendants to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure for failure to state a claim. A hearing was held in Raleigh, North Carolina on January 31, 2014.

One of the plaintiffs, Ms. Maria Salinas, is a chapter 7 debtor, whose chapter 7 trustee has abandoned any interest in this proceeding. The other plaintiff, Mr. Nelson Celin, was the co-owner with the debtor of real property located at 2357 Lazy River Drive in Raleigh, North Carolina. In or around 2006, plaintiffs purchased the property for the sum of $187,128.00 pursuant to a loan from Wells Fargo, which was secured by a deed of trust granted by plaintiffs to Wells Fargo. The loan subsequently was securitized, but Wells Fargo continued to service the loan, which became "part of a pool of assets comprising the res of the Citigroup Mortgage Loan Trust 2006-WFHE3 ("the Trust") that is the subject of a Pooling and Servicing Agreement between Depositer Citigroup Mortgage Loan and Trust Inc., Servicer Wells Fargo Bank, N.A., Trust Administrator Citibank,N.A., and Trustee U.S. Bank National Association ("US Bank" or "Trustee"). Defendants' Mem. of Law in Support of Mot. to Dismiss ("Defs.' Mem.") at 2.

In October, 2009, a foreclosure was commenced against the property, and the property was eventually lost to foreclosure. The Clerk of Superior Court for Wake County entered an order allowing the foreclosure sale on December 7, 2009, finding in relevant part:

> 3. That notice of this hearing has been served on the record owners of the real estate and to all other persons against whom the noteholder intends to assert liability for the debt.
> 4. That the Notice of Hearing for this proceeding was filed after the effective date for the Emergency Program to Reduce Home Foreclosures; the underlying mortgage debt is a subprime loan as defined in N.C.G.S. 45-101(4); the pre-foreclosure notice required under N.C.G.S. 45-102 was provided in all material respects, and that the periods of time established by Article 11 of this Chapter

have elapsed.
5. That the debtors have shown no valid legal reason why foreclosure should not commence.

Def's. Mem. Ex. A (Order to Allow Foreclosure Sale).

A foreclosure sale was held on March 16, 2011, at which US Bank was the high bidder. No upset bids were received, and the sale was confirmed on March 30, 2011, at which time US Bank took title to the property. Id. Exs. B (Report of Foreclosure Sale), C (Substitute Trustee's Deed). Plaintiffs filed a motion seeking to set aside the Order to Allow Foreclosure Sale on May 12, 2011, which was denied by order of the Wake County Clerk of Court on August 4, 2011. Id. Ex. D. In that order, the Clerk of Court outlined the available statutory mechanisms by which plaintiffs could have challenged the Order to Allow Foreclosure Sale and noted that plaintiffs had failed to appeal the original order to the Wake County Superior Court, which would then have assessed the clerk's order and finding of fact de novo; failed to assert equitable defenses as permitted by N.C.G.S. § 45-21.34; and failed to seek injunctive relief prior to expiration of the upset bid period, such that the issues were moot and there was "no good cause to set aside either the order allowing foreclosure or the foreclosure sale." Id. at 2. Plaintiffs subsequently filed a notice of appeal of this order, which was dismissed as untimely by the Wake County Superior Court on November 16, 2011. Id. Ex. E (Order Granting Petitioner's Motion to Dismiss Appeal).

Salinas filed a petition under chapter 13 of the bankruptcy code on March 25, 2012.[1] US Bank sought to evict the debtor and filed a motion for relief from stay on March 30, 2012, to which plaintiffs responded on April 16, 2012. After a hearing on November 7, 2012, the

---

[1] The bankruptcy case was voluntarily converted to a case under chapter 7 on March 15, 2013.

bankruptcy court granted the motion, permitting US Bank to proceed with eviction.

Plaintiffs filed a notice of appeal of the stay relief order on November 21, 2012. Plaintiffs did not, however, file a motion or otherwise seek to stay the bankruptcy court's order, and U.S. Bank completed the eviction process. Plaintiffs filed this adversary proceeding on December 17, 2012.

On August 22, 2013, after full briefing on appeal by both plaintiffs and US Bank, the district court dismissed the appeal as equitably moot and affirmed the bankruptcy court order lifting the automatic stay. In concluding that the appeal was equitably moot, the court explained that plaintiffs "did not seek or obtain a stay, no longer own or occupy the property, and do not have a possessory interest in the property." Id. Ex. F at 3 (Order of August 22, 2013 (Case No. 5:13-CV-22-D). In addition, responding to arguments that align with those presented to this court today, the district court went on to say:

> Alternatively, even if the appeal is not equitably moot, the court affirms the decision of the Bankruptcy Court. Based on the underlying state-court records and the evidence presented at the November 7, 2012 hearing, the Bankruptcy Court's factual finding related to US Bank as party-in-interest was not clearly erroneous. [citations omitted.] Because US Bank was the proper party to file the stay relief motion, the Bankruptcy Court properly granted the stay relief motion.
>
> Finally, to the extent that Salinas urges this court to find error in the state-court foreclosure proceeding, the Rooker-Feldman doctrine bars this court from sitting in direct review of North Carolina's trial or appellate courts. See, e.g., Lance v. Dennis, 546 U.S. 459, 460 (2006) (per curiam); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997). Salinas's recourse to appeal the foreclosure order was through the North Carolina state courts. See, e.g., Merrill Lynch Bus. Fin. Servs., Inc. v. Cobb, No. 5:07-cv-129-D, 2008 WL 6155804, at *3-4 (E.D.N.C. Mar. 18, 2008) (unpublished). The court takes judicial notice of the state-court orders of August 4, 2011, and November 16, 2011, that denied Salinas relief from the foreclosure sale. See Fed. R. Evid. 201. Having unsuccessfully exhausted her options in state court, Salinas may not now use this court or the bankruptcy court to challenge the foreclosure.

Id. at 3-4. Plaintiffs then filed an amended complaint, on September 19, 2013, adding (insofar as it pertains to the bank defendants) allegations pertaining to defendants' alleged noncompliance with the Homeowner Affordability and Stability Plan ("HAMP") and adding a civil conspiracy charge against Wells Fargo and US Bank.

Defendants moved to dismiss the amended complaint, contending that the bankruptcy court lacks subject matter jurisdiction pursuant to the Rooker-Feldman doctrine and that the amended complaint fails to state claims for which relief may be granted.

**DISCUSSION**

As the above review of this matter's history makes clear, plaintiffs' most obvious hurdle is to establish that the Rooker-Feldman doctrine does not preclude this court from exercising what amounts to appellate judgment over the final decisions of the state courts; and, further, that the doctrine of collateral estoppel does not foreclose plaintiffs' efforts to revisit the circumstances of the foreclosure itself. Plaintiffs argue that the "Rooker-Feldman doctrine does not apply when a party does not challenge the state court's decision but instead seeks redress for an injury allegedly caused by Defendants," which, plaintiffs insist, is what they seek to do here. Plaintiffs' Brief in Opposition to All Defendants (Except MAB) Motion to Dismiss ("Plaintiffs' Brief") at 4. Moreover, "[n]one of Plaintiffs['] causes of action seek to overturn or set aside the state court judgment but instead alleges [sic] that the foreclosure was conducted in an unlawful manner." Id. Instead, plaintiffs maintain that the amended complaint sets out "substantial allegations concerning the manner in which the [bank] defendants['] acts or omissions violated the rights of the Plaintiffs." Id. at 5. The RESPA claim asserts that the defendants "did not disclose transfers of Salinas's servicing rights as required by 12 U.S.C. 2605," thus damaging Salinas "by not knowing who the real party in interest was." Amended Complaint Count 5.

Defendants respond that the Rooker-Feldman bar cannot be overcome simply by recasting the nature of the claims asserted. Pointing out that plaintiffs themselves acknowledge in the introduction to the amended complaint that the adversary proceeding is "related to a wrongful foreclosure action," the bank defendants maintain that each of plaintiffs' claims and theories – namely, unfair and deceptive trade practices, civil conspiracy, and unclean hands (excepting the RESPA action) – are premised upon the foreclosure and surrounding events, with respect to which final orders establishing the pertinent facts and law have been entered by the state courts and cannot be reviewed by this court. Indeed, the primary relief sought by plaintiffs is for the court to "render a declaratory judgment declaring that the foreclosure procedure on Plaintiff's [sic] property was done improperly." Amended Complaint at 6.

The RESPA claim, defendants argue, is without basis in that the statute does not apply.[2] Defendants assert without contradiction that Wells Fargo was at all times the servicer on plaintiffs' loan, and point out that the amended complaint does not allege that the servicing rights on the plaintiffs' loan were transferred. "RESPA governs the notice requirements where loan *servicing* is assigned, sold or transferred, see 12 U.S.C. § 2605, but does not govern notice requirements where a note or mortgage is transferred." Newcomb v. Cambridge Home Loans, Inc., 861 F. Supp. 2d 1153, 1161 (D. Hawaii 2012) (emphasis added).

The court agrees with the defendants on all points. The succinct analysis set forth by the district court in its order dismissing plaintiffs' appeal of the bankruptcy court order granting relief from stay in the bankruptcy case is fully applicable in this proceeding. Regardless of how

---

[2] Further, defendants note that plaintiffs asserted the RESPA claim, along with the others, on December 17, 2012, which is more than three years after the date the foreclosure order was entered, on December 7, 2009. A three-year statute of limitations applies to § 2605 claims under RESPA (12 U.S.C. § 2614) and civil conspiracy (N.C.G.S. § 1-52(5)) claims, such that these claims are patently time-barred.

many ways plaintiffs seek to recast their claims, or how many fresh approaches they endeavor to take to these issues, the fact is that their grievances with the defendants are specifically based upon and inextricably intertwined with the exact claims and issues upon which the state courts have ruled against them. The Rooker-Feldman doctrine flatly precludes this court from embarking upon a review of those findings or the bases for them. See also, e.g., SunTrust Mortg. Inc. v. Busby, 469 Fed. Appx. 205, 207, 2012 WL 899388, at *1 (4th Cir. 2012) (per curiam) (doctrine of res judicata applied to "every point which properly belonged to the subject in litigation and which the parties ... might have brought forward at the time," and prevented appellants from raising equitable defenses that challenged validity of debt and default already determined to be valid in state foreclosure proceedings; at that point, the "rights of the parties to the foreclosure had become 'fixed'"); Le v. Bank of America, N.A., 2013 WL 139763, at *3-6 (W.D.N.C. 2013) (collateral estoppel precludes re-litigation of the findings upon which a state foreclosure order is based in hopes of reaching a different result).

The bank defendants' motion to dismiss the amended complaint with respect to all claims against them is **ALLOWED**.

**SO ORDERED.**